IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

OTHMAN MOHAMAD,

Petitioner,

vs.

JEROME KRAMER, Sheriff Lincoln County Det Cen; IMMIGRATION AND CUSTOMS ENFORCEMENT, ICE; UNITED STATES CUSTOM & IMMIGRATION, USCIS; TODD LYONS, Acting Dir ICE; and KRISTI NOEM, Sec DHS;

Respondents.

**8:26CV602**

**ORDER TO SHOW CAUSE**

The Petitioner seeks immediate release from the custody of the Department of Homeland Security and ICE at the Lincoln County Detention Center in North Platte, Nebraska. Filing No. 1. Pursuant 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts,[1]

IT IS ORDERED:

1. The Clerk of the Court shall add Assistant U.S. Attorney Christopher L. Ferretti for the federal Respondents solely for the purpose of providing notice and so that the U.S. Attorney's Office may assign counsel of record and shall, after doing so, regenerate the filing for the petition.

[1] Rule 1(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts permits the Court to apply any or all of those rules to habeas corpus petitions arising under 28 U.S.C. § 2241. The Court chooses to apply Rule 4, which requires the clerk to serve a copy of the petition and any order on the respondents and the attorney general or any other appropriate officers.

2. The respondents shall, on or before **October 19, 2026**, make a return certifying the true cause and proper duration of the petitioner's detention and showing cause why the writ should not be granted.
3. The respondents' answer must include:
    a. Such affidavits and exhibits as are necessary to establish the lawfulness of the petitioner's detention in light of the issues raised in the petition;
    b. A reasoned memorandum of law and fact explaining the respondents' legal position on the petitioner's claims;
    c. The government's position on whether an evidentiary hearing should be conducted;
    d. Whether petitioner was arrested pursuant to a warrant and, if so, a copy of that warrant; and
    e. **Copies of all documents referenced in Respondents' responsive brief or in a supporting declaration of a deportation officer, except that Respondents need not produce criminal case records not in their possession. For matters on appeal to the Board of Immigration Appeals, Respondents shall produce only the notice of appeal and any ruling from the BIA addressing the merits of the appeal**;
4. The petitioner may reply in support of the petition on or before **October 26, 2026**.
5. The respondents are enjoined from removing the petitioner from the United States and from the District of Nebraska until further order of the Court.
6. If the petitioner has already been removed from Nebraska, the respondents are ordered to immediately return the petitioner to Nebraska.

7. Additionally, Petitioner filed a Motion for Leave to Proceed in Forma Pauperis, Filing No. 2. Habeas corpus cases attacking the legality of a person's confinement require the payment of a $5.00 filing fee. 28 U.S.C. § 1914(a). However, after considering Petitioner's financial status as shown in his motion and attachments to his petition, leave to proceed in forma pauperis will be granted and Petitioner is relieved from paying the filing fee.

Dated this 9th day of October, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge