IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

OTHMAN MOHAMAD,

Petitioner,

vs.

JEROME KRAMER, Sheriff Lincoln County Det Cen; IMMIGRATION AND CUSTOMS ENFORCEMENT, ICE; UNITED STATES CUSTOM & IMMIGRATION, USCIS; TODD LYONS, Acting Dir ICE; and KRISTI NOEM, Sec DHS;

Respondents.

**8:26CV602**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner's Petition for Writ of Habeas Corpus. Filing No. 1. He asserts he is being detained by Respondents in violation of his constitutional rights and the Immigration and Nationality Act. For the reasons set forth herein, the Court grants the Petition and orders Respondents to release Petitioner subject to appropriate release conditions.

## I. BACKGROUND

Petitioner, Othman Mohamad, is a native and citizen of Sudan. Filing No. 7 at 3. He entered the United States as a refugee in 2014 and was granted his green card in 2015. Filing No. 7 at 3. On January 21, 2025, Petitioner was convicted of third-degree assault and attempted possession of a controlled substance. Filing No. 17-10 at 19. He was sentenced to 300 days' incarceration on each count on February 11, 2025. Filing No. 17-10 at 23.

Petitioner was released to ICE custody on November 1, 2025, and placed in removal proceedings based on his controlled substances conviction. Filing No. 17 at 3.

On January 5, 2026, the immigration judge ordered Petitioner removed to Sudan. Filing No. 17 at 3. Petitioner did not appeal, and the removal order became final on February 5, 2026. Petitioner has remained in ICE custody since that time.

On April 15, 2026, Respondents began the process of initiating a travel document interview. Filing No. 17 at 4. On April 27, 2026, ICE decided to maintain Petitioner in custody because it felt it would receive the necessary travel documents to effectuate Petitioner's removal in the near future and because it believed Petitioner posed a flight risk. Filing No. 17 at 4.

On July 29, 2026, ICE interviewed Petitioner at the Lincoln County Jail in North Platte, Nebraska, and again determined he should remain detained.

On August 20, 2026, Respondents advised Petitioner the issuance of his travel document was pending. Filing No. 17 at 4.

As of October 30, 2026, Respondents represent "the issuance of [Petitioner's] travel document is pending with an unknown expected date of issuance." Filing No. 17 at 4.

Petitioner filed the present habeas-corpus action challenging his ongoing detention. Filing No. 1. He argues his detention beyond the removal period violated his rights. Filing No. 1 at 6–8. He points to the representations from ICE dating to months earlier that his removal was imminent and travel documents were forthcoming.

**II. STANDARD OF REVIEW**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention.

*Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

Petitioner contends his prolonged detention violates the law because his removal is not reasonably foreseeable. Upon consideration, the Court agrees and concludes the writ should be granted.

Once an alien has been ordered removed, as Petitioner has, he or she is subject to mandatory detention during the initial ninety-day removal period. 8 U.S.C. § 1231(a)(2). If the alien is not removed after this ninety-day removal period, release is not automatic. Rather, the United States is allowed to determine if further detention is warranted or if the individual should be released under supervision. 8 C.F.R. § 241.4(i). Section 1231(a)(6) permits detention of aliens ordered removed beyond the removal period. As the Supreme Court explained,

> After the removal period expires, the Government "may" detain only four categories of people: (1) those who are "inadmissible" on certain specified grounds; (2) those who are "removable" on certain specified grounds; (3) those it determines "to be a risk to the community"; and (4) those it determines to be "unlikely to comply with the order of removal." § 1231(a)(6). Individuals released after the removal period remain subject to terms of supervision. *Ibid*.

*Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578–79 (2022). Respondents argue Petitioner falls into one of these categories because his conviction related to controlled substances is an enumerated offense under 8 U.S.C. § 1227(a)(2)(B)(i). *See* 8 U.S.C. § 1231(a)(6).

However, the Supreme Court has determined that an alien may not be detained indefinitely beyond the removal period. Examining the legislative history, the Court found congressional intent that detention of less than six months is generally acceptable. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Beyond this six-month period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Here, there is no dispute that Petitioner has been detained beyond the presumptively reasonable six-month removal period. Petitioner's removal order was final on January 5, 2026, and his removal period began on February 5, 2026. The six-month period, thus, elapsed on August 6, 2026.

Petitioner has the initial burden of establishing good cause to believe there is no significant likelihood of removal in the reasonably foreseeable future. Petitioner, who is proceeding pro se, points to the representations from Respondents that his removal is imminent and the corresponding lack of progress made towards removal despite his cooperation.

In response to Petitioner's arguments, Respondents argue they have shown Petitioner's removal is significantly likely in the reasonably foreseeable future because they have started the process of obtaining travel documents and the deportation officer represents removal is likely.

The Court does not find there is a significant likelihood Petitioner will be removed in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701. Respondents have provided scant details to show what affirmative steps they have taken to effectuate

removal. More than two months passed before Respondents even started the process of obtaining travel documents. Since that time, the best Respondents can state is that the travel documents remain pending and they do not know when they will be finalized. This is far too vague and indefinite to support a reasonable likelihood of removal. Accordingly, the Court finds Petitioner's continued detention violates *Zadvydas* and the Fifth Amendment, and he is entitled to habeas relief.

In granting Petitioner habeas relief, the Court specifically grants a writ of habeas corpus releasing Petitioner from custody, but the release is not unconditional. Rather, as the Supreme Court has explained, "[i]ndividuals released after the removal period remain subject to terms of supervision." *Johnson*, 596 U.S. at 579 (citing 8 U.S.C. § 1231(a)(6)). Section 1231(a)(3) provides for supervision after the 90-day removal period expires pursuant to appropriate release conditions set forth in 8 C.F.R. § 241.13(h) in order to protect the public and ensure that Petitioner can be found if and when the time comes to remove him. The Court will, therefore, direct Respondents to impose, through an order of supervision, release conditions as prescribed by 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.13(h), and to report back to the Court on both the fact of Petitioner's release and the release conditions imposed.

IT IS ORDERED:

1. Respondents' Motion to Strike, Filing No. 14, is granted. Filing No. 13 is stricken.
2. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.
3. Respondents shall release Petitioner from custody as soon as practicable, and no later than 48 hours from the filing of this Order, subject to appropriate release

conditions to be imposed by Respondents in an order of supervision in accordance with 8 C.F.R. § 241.13(h).

4. Respondents shall provide the Court with a status update concerning Petitioner's release and any conditions imposed on that release by no later than **November 16, 2026**.
5. The Clerk of Court is directed to set a pro se case management deadline using the following text: **November 16, 2026**: status report deadline

Dated this 5th day of November, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge